UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION; its assignees and/or successors,<br><br>            Plaintiff,<br>v.<br><br>WILDER IVAN CALDERON, and DOES 1-10, Inclusive,<br><br>            Defendants. | Civil No.13cv0198 AJB (MDD)<br><br>ORDER:<br><br>1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 3); AND<br><br>2) *SUA SPONTE* REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. No. 1) |

On January 25, 2013, Wilder Ivan Calderon ("Calderon") removed an unlawful detainer action filed in San Diego Superior Court. (Doc. No. 1, Notice of Removal.) The removal was based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a). (*Id*. at ¶ 19.) Along with the notice of removal, Calderon submitted a motion to proceed *in forma pauperis*. (Doc. No. 3.) For the reasons set forth below, the Court GRANTS Calderon's motion to proceed *in forma pauperis*, but *sua sponte* REMANDS the action for lack of subject matter jurisdiction.

## *DISCUSSION*

**I.      Motion to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit, or proceeding in a district court whether by original process, removal or otherwise, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). However, an action may proceed despite failure to pay the filing fee if

the party is granted in forma pauperis status. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  The Court may grant *in forma pauperis* status to any party who demonstrates that he or she is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  In the present case, having reviewed Defendant Calderon's motion and declaration in support of the motion, the Court finds Calderon has made a sufficient showing of inability to pay the required filing fees.  *See Rodriguez*, 169 F.3d at 1177.  Accordingly, the Court GRANTS Calderon's motion to proceed *in forma pauperis*.

## II.     Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

After granting *in forma pauperis* status, the Court must dismiss the case if the complaint "fails to state a claim on which relief may be granted" or is "frivolous."  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).  Likewise, remand is necessary if it appears from the face of the complaint that the court lacks subject matter jurisdiction over the removed action.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Here, after a review of the Complaint and Defendant Calderon's notice of removal, the court finds it lacks subject matter jurisdiction over the action.

### A.     Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action from state court to federal court only if the district court could have original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "Removal statutes are strictly construed against removal."  *Luther v. Countywide Home Loans Serv., L.P.*, 533 F.3d 1031, 1034 (9th Cir. 2008).  There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected.  *Id*. at 567.

Defendant Calderon's notice of removal alleges that the Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 (federal question), 1337 (antitrust violations) and 1345 (United States as

a Plaintiff), as well as 15 U.S.C. §§ 45 (unfair competition) and 1692 (Fair Debt Collection Practices Act). (Notice of Removal ¶ 19.) Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Id.* Accordingly, there is no federal question jurisdiction simply because defendant may present a federal defense to the claim. *Id.*

After a review of the Complaint, the Court finds Plaintiff is bringing a single cause of action against Defendant Calderon for unlawful detainer following a foreclosure sale pursuant to California Code of Civil Procedure § 1161a(b)(3). (Doc. No. 1, Ex. 1, Compl.) Thus, because this is a purely state law cause of action, the Court does not have federal question jurisdiction and must remand the matter. *See Southland Homes Real Estate & Inv., LLC v. Lam*, 2011 WL 781243 (C.D. Cal. Feb. 25, 2011); *Galileo Fin. v. Park*, 2009 WL 3157411 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Nonetheless, in an attempt to support federal question jurisdiction, Defendant Calderon argues removal is proper because the Complaint is attempting to assert securities claims in an unlawful detainer action, which necessarily preempts state law. The Court is not persuaded. Federal question jurisdiction is established from the face of the complaint, and cannot be asserted based solely on potential defenses the defendant may allege in opposition. *See Caterpillar*, 482 U.S. at 392; *Fannie Mae v. Brooks*, 2012 U.S. Dist. LEXIS 30627, at *9-10 (C.D. Cal. Mar. 7, 2012) (rejecting defendant's contention that a defense under the PTFA is sufficient to establish federal question jurisdiction and remanding the action for lack of jurisdiction). Accordingly, because Plaintiff is only seeking return of certain real property currently in Calderon's possession, the Court finds it lacks federal question jurisdiction over the instant matter.

In addition, the face of the complaint clearly shows that this Court does not possess diversity jurisdiction over the matter. For a federal court to exercise diversity jurisdiction there must be "complete diversity" between the parties and the amount in controversy requirement of $75,000 must be met. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). "[W]hen a state-court

complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.' " *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Here, both the Complaint and the notice of removal state that Plaintiff Federal Home Loan Mortgage Corporation is an entity lawfully conducting business in California, and that Calderon is a California resident residing in the County of San Diego. (Compl. ¶¶ 2,3; Notice of Removal ¶¶ 2, 3.) Thus, the parties are not completely diverse and the Court lacks diversity jurisdiction over the matter. *See* 28 U.S.C. § 1332(a)(1).

## *CONCLUSION*

Accordingly, for the reasons set forth above, the Court GRANTS Defendant Calderon's motion to proceed *in forma pauperis*, but *sua sponte* REMANDS the action for lack of subject matter jurisdiction to the San Diego Superior Court, East County Division.

IT IS SO ORDERED.

DATED: January 29, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge